**SAN COLLECTION CO. v WARD et**

Common Pleas Court, Vinton Co

Decided June 19, 1939

part or all of the account preceding that date, certainly there is no direct or indirect allegation as to a written acknowledgement or promise being made by the defendant.

Plaintiff insists that the demurrer is improper because it does not go to all of the items of charge but except the last one and says that an account must be taken as a whole or in its entirety on demurrer, and can not be attacked item by item, **38 Oh Ap 132, 4 O. C. C. 289, 14 O. C. C. (N.S.) 545.**

It is well settled in Ohio that as to the right of action that it accrues on each item of an account as of its proper date. **Courson v Courson, 19 Oh St 454.** And therefore the statute of limitations then begins to run against each item at its proper date.

The case of McKeny v Goodall, Ex't. I. C. C. 23, "Bates Pleading, Practice, Parties and Forms", §761, 37 Corpus Juris 1227, §739 and **31 O. Jur. §120** on Pleading quite fully demonstrates in the court's opinion, the error in plaintiff's reasoning. While it may be argued generally that where one attempts to set up a cause of action, a general demurrer will not lie if any part of the petition is good, such is not this case. The cause of action herein on alleged account, which while permitted by the Code, does not sustain the contention that at least against the statute of limitation it must stand or fall on the whole account for as already mentioned the statute runs as to each item. Such also is the case where one or more items do not appear from the pleadings to be proper subjects of account. Courson v Courson, supra.

It is therefore the finding of the court that defendant has properly filed a demurrer to a part of the items and not to all of them on the grounds of the statute of limitation.

Plaintiff would appear from his argument to maintain that the purchase of a new item without further allegation of an understanding written or implied is sufficient to toll the statute of limitations as to all or part of an account. Such is not the law of Ohio,

F. L. Newdick, McArthur, for plaintiff.

W. J. Jones, McArthur, for defendant.

**OPINION**

By CHATFIELD, J.

The petition in the Ward case, so far as the operative allegations with reference to the demurrer to all but the last item is concerned, says there is due the plaintiff on an account, attached and made a part of the petition, a sum certain. The attached account consists of a series of dates followed by figures of amounts listed as credits and by general description of merchandise followed by figures representing a charge. It is undisputed that no credit within six years of suit is claimed or listed and but one purchase or charge is listed within six years.

There is no allegation that the last item was purchased by the defendant, that a larger account was made known to her or that she agreed or understood that in consideration for additional credit extension she was to pay any

although at one time in our juridical history, it may have been.

"The language of our code is too clear and explicit to permit any implied promise or acknowledgement to save items of more than six years standing from the statutory Bar. Nothing short of an acknowledgment of an existing liability or a promise of payment in writing signed by the party to be charged thereby, or of a payment on the account will have that effect." Courson v Courson, 19 Oh St 454. See also 25 Oh St 615 and §11223 GC.

It is therefore the holding of this court that under Ohio law the mere allegation of a new purchase or charge in an account within six years of the date of summons is not sufficient to show an exception or tolling of the statute of limitations where that question is raised by demurrer, and such mere allegation will not stand against such a demurrer.

Plaintiff further maintains that the demurrer should be overruled because he is entitled to go to trial and let the evidence show whether the statute of limitations is applicable here, and cites his allegation in the petition. "There is due etc." in support of his contention.

An inspection of the petition in the Ward case shows on its face that unless plaintiff relies upon some exception growing out of the circumstances surrounding the last item of charge on the account considerably more than six years have elapsed since any other purchase or payment is listed or alleged. While it must affirmatively appear from the face of the petition that the required time has elapsed before a demurrer on the statute of limitations may properly be sustained, it seems also necessary to this court that he is not permitted to presume an exception to the statute where there is no allegation in the petition even remotely suggesting an exception is to be relied upon by plaintiff. 37 C. J. 1201 it is said:

"And in most jurisdictions plaintiff should allege facts which avoid the Bar of the statute as by alleging facts which show that a cause of action is within some exceptions of the statute," and cites Douglas v Courey, 46 Oh St 349, and Combs v Watson, 32 Oh St 228.

This court does not go so far as to hold such to be unqualified by the law of Ohio, altho it does feel that there is undoubtedly merit in such a rule as regards this case. Unquestionably—the statute of limitations may be raised by demurrer. To paraphrase the reasoning of the court in McKeny v Goodall, supra—

"Of course it may be difficult to determine from an inspection of the pleading and account alone what the evidence will be with reference to an exception to the statute of limitations being established, but it is a judgment which has to be exercised at some stage of the case if the question is raised and perhaps it may as well be done before the trial on the pleadings as afterwards. When the proof is offered and therefore I think that if the sufficiency of an allegation as to a new item for a suspension or tolling of the statute does not appear in the account itself, it should be supplemented by some statement in the readings to indicate it had such an effect."

From all that appears from the petition the court nor the defendant can estimate whether allegations proper to except the account or any of the items can conscientiously be made, much less hope to be proved on trial. Once the objection is properly raised, it would seem most unfair and wasteful to the time and resources of both defendant and the court to require them to go to trial before being permitted to assert or determine that the statute of limitations bars action, it further appearing on the face of the pleading that said statute is applicable.

Nor does the allegation "there is due etc." help the situation.

"Such allegation will not require the overruling of the demurrer setting up the statute of limitations for, notwithstanding the theory of the statute of limitations is presumption of payment from lapse of time, yet it is not this presumption but the positive bar created by the statute, which constitutes the defense; and moreover in such a case the demurrer is tantamount to a plea of the statute of limitations and does not in law involve an admission of the truth of that allegation in the bill." 37 C. J. 1204, foot note 48 citing Nevitt v Bacon, 32 Miss. 212; 66 Am. D. 609.

If the plaintiff can amend his amended petition so as to exclude the difficulties otherwise apparent as herein discussed he may do so on leave and no harm will be done. If he can not thus amend, and limitation of action being a matter properly raised by demurrer, now is the time to save the defendant and the court time and expense that would otherwise be expended by going to trial only to be stopped in the case by the same difficulty.

In the Thompson and Chapman cases the demurrers attack the whole of each case i. e. each is inclusive of all items listed in the alleged accounts. While the pleading describing the account is similar to that in the Ward case, the facts disclosed differ to a degree this court deems, under all the circumstances, sufficient to require a different conclusion in ruling upon these demurrers.

In the Thompson cases items of charge and items of credit are listed as within six years of the date of summons in the case, the credit therein being less than the charge items by several dollars. Like facts are disclosed in the Chapman case except that the credit items in the last six years exceeded by about one dollar the charge items within six years.

It has been held that before a demurrer on the statute of limitations may be sustained, it must affirmatively appear on the face of the pleadings that the action is barred. **25 O. Jur.**

638 and 17 R. C. L. 996. It is also settled in this state that a general payment by the debtor without designation of its application is by law applied to earlier items. No reference is here made to any designation by the debtor, or even that debtor personally or by authorized agent made payments. **Beckle v Petticrew, 6 Oh St 247,** and **Shields v Barnes & Meade Co., 30 Abs 386,** and while the debtor may not so apply general payment as to tell the statute of limitations on an entire account. **Findley Brewing Co. v Brown, 19 O. C. C. (N.S.) 612, 36 A. L. R. 352,** 355; Vaughn v Hankinson 35 N. J. L. 79 and **Kaufman v Broughton, 31 Oh St 424,** it is apparent that if the law did apply the general payments in this case to prior items those charge items within six years of date would not be barred by the statute of limitations. If applied to the items approximately concurrent with purchase in the Thompson case there would be a balance due on those charged within six years and in the Chapman case money would appear then to have been paid beyond the amount of the items charged within six years for a reason we can not presume against the pleader. Consequently, and at least with regard to the items of charge within six years of the summonses dates, it can not be said that it affirmatively appears that the bar of the statute applies. Indeed, this court feels that it would be presumptious to do so.

This then squarely raises the question as to whether a demurrer on the statute of limitations to an entire action on alleged account may be sustained when at least a part of the items are not, so far as it affirmatively appears from the petition, barred by such statute.

It has already been demonstrated that one is not compelled to plead the limitations as every item in an alleged account. He may so plead as to part and answer to the balance. In the Chapman & Thompson cases the pleader has attacked the whole account.

The court finds that where  some of the items do not affirmatively appear barred by limitation a demurrer attacking the whole account must be overruled. Osborn v Portsmouth National Bank, 61 Oh St 427. Bauman v Mangold, 32 Oh Ap 419; 25 O. Jur. 640; 31 O. Jur. 680, §121.

Entries may be drawn then·saving exceptions to the parties adversely affected hereby, sustaining the demurrer in the Ward case and giving plaintiff 10 days to plead by amendment and entries overruling the demurrers in the Thompson and Chapman cases, giving defendant 10 days to further plead.